UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DONAL COLEMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:14-cv-13032-IT |
| | * | |
| COMMONWEALTH OF | * | |
| MASSACHUSETTS et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

March 11, 2015

TALWANI, D.J.

Before the court is Plaintiff Donal Coleman's ("Coleman") motion for a third extension of time to file his amended complaint and for a temporary restraining order against Officer Ota of the Andover Police Department. See Mot. [#14].

On November 14, 2014, the court ordered Coleman to file an amended complaint within thirty-five days if he wished to proceed with his action. See Mem. & Order [#5]. The court explained that amendment was necessary because Coleman's original complaint failed to make clear why the federal court had jurisdiction and failed to clearly state a claim on which relief could be granted. See id. Since that time, the court has allowed two motions to extend Coleman's time to file. See Electronic Order [#9] (extending deadline to January 28, 2015); Order [#12] (extending deadline to March 19, 2015). When the court granted Coleman's second extension of time, it warned that "the court is not inclined to grant any further extensions." Order [#12].

In light of these previous extensions, Coleman's motion for a third extension of time is DENIED. Coleman shall file an amended complaint by March 19, 2015, or risk dismissal of his

complaint. Such dismissal would be without prejudice. Thus, it would not bar later suit in either state or federal court.

As to his motion for a temporary restraining order, Coleman raises allegations of harassment against Officer Ota of the Andover Police Department. Neither Officer Ota nor the Andover Police Department is a named defendant in this case.[1] Moreover, Coleman's motion has not met the standard for showing "irreparable harm" for which there is "no adequate remedy at law," which is a prerequisite for a temporary restraining order. Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

Accordingly, Coleman's motion for a temporary restraining order is DENIED. If Coleman believes the facts alleged in that motion amount to a violation of federal law, he may include these allegations in any timely filed amended complaint and name the appropriate defendants as additional parties or may file a new action against those defendants. If a new action is filed in federal court, Coleman should indicate that it is related to the instant case.

IT IS SO ORDERED.

March 11, 2015 /s/ Indira Talwani
United States District Judge

---

[1] Coleman's complaint names the Andover Police Chief, the Commonwealth of Massachusetts, and Starbucks as defendants.