UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONAL COLEMAN, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:14-cv-13032-IT |
| | * |
| COMMONWEALTH OF | * |
| MASSACHUSETTS et al., | * |
| | * |
| Defendants. | * |

ORDER

July 7, 2015

TALWANI, D.J.

In July 2014, Donal Coleman ("Coleman") filed a Complaint [#1] against the Commonwealth of Massachusetts, the Andover Police Chief, and Starbucks that appeared to raise claims of defamation and malicious prosecution. In November 2014, the court informed Coleman that the facts in his complaint did not raise an issue of federal law and Coleman had not shown that he and the Defendants were diverse, such that the court could take jurisdiction over purely state law questions. See Mem. & Order, 2, 4-5 [#5]. The court permitted Coleman to file an amended complaint. Id. at 5. On March 19, 2015, Coleman filed his Amended Complaint [#16]. On June 8, 2015, the court found that Coleman's amended complaint still failed to raise a cognizable federal question and did not plead that the parties were diverse. See Order 1-2 [#18]. Accordingly, the court dismissed Coleman's case. Id.; Order Dismissal [#20].

Coleman has now filed a Motion to Reconsider [#22]. In this motion, Coleman asserts for the first time that he is gay, and that he has been subject to a violation of rights under the Equal Protection Clause. Specifically, Coleman alleges that an individual (not a defendant in this case) called him a derogatory term in Starbucks; that a different individual (also not a defendant in this case) "banged" on the window of a Brueger's Bagels and called him a

derogatory term; and that Lieutenant Scott, Patrolman Dubois, and Patrolman Olday [sic] (none of whom are named as defendants in this case) failed to investigate these incidents of harassment.

Motions for reconsideration are generally construed as arising under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60.  See Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852 (1st Cir. 2006) (per curiam).  Because Coleman's motion was filed within 28 days of final judgment, it is properly considered under Fed. R. Civ. P. 59(e).  See id. (finding that motions for reconsideration filed within the time period set forth in Rule 59(e) should be treated under that rule).[1]  Reconsideration under Fed. R. Civ. P. 59(e) is warranted only if "the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  See Global Naps, Inc. v. Verizon New Eng., Inc. 489 F.3d 13, 25 (1st Cir. 2007).  Reconsideration is not appropriate to "permit a party to advance arguments it should have developed prior to judgment."  Bitcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).

Coleman has failed to show that reconsideration is warranted in this case.  First, Coleman does not allege that the court manifestly erred in its application of the law.  Second, Coleman makes no argument that the newly presented facts—related to his sexual orientation and comments made by two members of the public—could not have been raised in his earlier filings.  This is grounds for denial of Coleman's motion.

Moreover, even if the court were to consider the newly alleged facts, Coleman's complaint would fail to state a claim against the Commonwealth of Massachusetts, the Andover Police Chief, or Starbucks on which relief could be granted.  Coleman's equal protection claim would presumably proceed under 42 U.S.C. § 1983.  Section 1983 requires a showing of "state

---

[1] Ofori refers to a ten-day time period for motions filed pursuant to Fed. R. Civ. P. 59(e). However, in 2009 Rule 59(e) was amended to increase the filing period from ten days to twenty-eight days.  See Fed. R. Civ. P. 59 advisory committee notes on the 2009 amendments.

action." See Collins v. Nuzzo, 244 F.3d 246, 250 (1st Cir. 2001).  Coleman has alleged no facts giving rise to the plausible inference that Starbucks is a state actor.  Moreover, because "a State is not a 'person' within the meaning of § 1983," Coleman cannot bring this claim against the Commonwealth of Massachusetts.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989).  Finally, Coleman alleges that a lieutenant and two patrolmen failed to investigate his claims of harassment.  Coleman includes no allegations that the Andover Police Chief directly violated his rights or that the Andover Police Chief condoned or acquiesced to a pattern of civil rights violations so as to give rise to supervisory liability.  See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).  Accordingly, even with the addition of these newly alleged facts, Coleman has failed to state a claim against the Commonwealth of Massachusetts, the Andover Police Chief, or Starbucks cognizable in federal court.

For the reasons stated above, Coleman's Motion to Reconsider [#22] the order of dismissal in this case is DENIED.

IT IS SO ORDERED.

July 7, 2015                                                                  /s/ Indira Talwani
                                                                               United States District Judge